GAUDIN, Judge.
A mystic will is not rendered invalid if opened by an attorney in his office in the presence of all heirs instead of being presented to the probate judge in a sealed, unopened envelope. A district judge in the 24th Judicial District so held and we affirm.
Morris Mathews died on June 5, 1985 leaving a mystic will in a sealed envelope. The procedure for probating a mystic will is contained in LSA-C.C.P. art. 2885, which states in subsection (A) that the witnesses listed on the sealed envelope shall testify:
(1) that they recognize the sealed envelope present to them to be the same that the testator delivered to the notary in their presence, declaring to the latter that it contained the testator’s testament; and
(2) that they recognize their signatures and that of the notary in the act of superscription, if they signed it, or the signature of the notary and of the person who signed for them, if the witnesses did not know to sign their names.
Here, the attorney "for the succession opened the envelope containing Mr. Mathews’ mystic will in his office and in the presence of Mr. Mathews’ widow and three children. After the will was read, it was replaced in the envelope and subsequently submitted to probate. The district judge accepted the testament and ordered its execution.
Appellant herein is George Mathews, one of the decedent’s children, who filed a petition to annul the probate and set aside the court’s order only because the envelope presented to the judge had been previously opened. The trial judge dismissed the petition and this appeal ensued. Appellee is Mr. Mathews’ widow, Yvonne, the testamentary executrix.
Appellant relies on wording from Succession of Fertel, 209 La. 655, 25 So.2d 296 (1946), but the reliance is misplaced. Fer-tel dealt with the formalities of making a mystic will (LSA-C.C. art. 1584) and how the envelope should be sealed, etc. The reason for the safeguards, the court said, is to prevent tampering with the will (and, *651 of course, to prevent premature disclosure of the will’s provisions).
The will in Fertel was presented to the Civil District Court (Orleans) judge and opened with a sharp instrument just before probate. There, as in Mr. Mathews’ case, was no allegation or evidence that the will had been tampered with and there was no allegation that the will in the envelope was not the testator’s.
The trial judge in the Mathews case noted that the prior opening by the attorney was “a technical defect.” However, the trial judge added:
“This lack of formality does not destroy the validity of this will. This Court finds that the will was produced for probate in a matter consistent with the guidelines set forth in Succession of Fertel, 209 La. 655, 25 So.2d 296 (1946).”
Compelling reasons must be given for invalidation of a will, particularly (1) if the testament meets all legal requirements and is only technically flawed, (2) there is no question but that the will is genuine, (3) there is no contention that the will had been illegally altered and (4) there is no question about the will-maker’s mental or physical competence. We are unaware of any Louisiana jurisprudence voiding a will because of a defect as minor as the one presented here for review. We are unable to say the trial judge erred in accepting Mr. Mathews’ will for probate.
Appellant also complains (1) because Mrs. Yvonne Mathews was appointed testamentary executrix, (2) because the detailed descriptive list filed by Mrs. Mathews was not signed by Mr. Mathews’ children and (3) because Mrs. Mathews was allowed an interim advance of $3,500.00 per month. We find no merit in these contentions.
We affirm the judgments signed on July 22 and 29,1988, and we remand for further and appropriate proceedings. Appellant is to bear costs of this appeal.
AFFIRMED.